JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Albert Renaud

## DEFENDANTS

Mahamadali Zubaydulaev, North Star Leasing/Oxiana, LLC, John Does I-V and John Doe Companies VI-X

**(b)** County of Residence of First Listed Plaintiff    Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    St. Johns
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Riechelson, Esquire - Cohen & Riechelson
3500 Quakerbridge Road, Suite 203
Hamilton, NJ  08619

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 370 Other Fraud | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 371 Truth in Lending | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **SOCIAL SECURITY** | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 861 HIA (1395ff) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 862 Black Lung (923) | |
| | | [ ] 550 Civil Rights | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 555 Prison Condition | [ ] 864 SSID Title XVI | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 865 RSI (405(g)) | |
| | | **IMMIGRATION** | **FEDERAL TAX SUITS** | |
| | | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
175,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:

JUDGE _____   DOCKET NUMBER _____

DATE
Feb 18, 2026

SIGNATURE OF ATTORNEY OF RECORD
*Kevin Riechelson*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Route 1 in Middleton Township, Bucks County, Pennsylvania.

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☒ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT RENAUD | : | |
|                Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.:**_____ |
| | : | |
| | : | |
| MAHAMADALI ZUBAYDULAEV | : | |
| 31 Glasgow Drive | : | |
| St. Johns, Florida 32259 | : | |
| | : | |
| And | : | |
| | : | |
| NORTH STAR LEASING/OXIANA, | : | |
| LLC. | : | |
| 1016 Zane Drive | : | |
| Mt. Juliet, TN 37122 | : | |
| | : | |
| AND | : | |
| | : | |
| JOHN DOES 1-V AND JOHN DOE | : | |
| COMPANIES VI-X | : | |
|                Defendants, | : | **JURY TRIAL DEMANDED** |
| | : | |

## COMPLAINT

COMES NOW the Plaintiff, Albert Renaud, ("Plaintiff") residing at 101 Hancock

Street, Trenton, NJ 08611, saying by way of complaint:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff Albert Renaud is an adult individual residing

at 101 Hancock Street, Trenton, NJ 08611.

2.      Upon information and belief and at all times hereinafter mentioned, the Defendant, Mahamadali Zubaydulaev is an adult individual residing at 31 Glasgow Drive St. Johns, Florida 32259.

3.      Upon information and belief, Defendant, North Star Leasing/Oxiana LLC, located at 1016 Zane Drive, Mt. Juliet, TN 37122, was the owner of a Volvo tractor trailer that was operated by Mahamadali Zubaydulaev on January 22, 2025, and/or was the employer of defendant, Mahamadali Zubaydulaev, who was operating the tractor trailer as an employee, agent, servant and/or workman of the defendant(s).

4.      Upon information and belief, Defendant, John Does I-V, is/are adult individuals whose identity is unknown, who owned and/or operated a Volvo tractor trailer on or about January 22, 2025, which vehicle was in an accident with a vehicle operated by the plaintiff.

5.      Upon information and belief, Defendant, John Doe Companies VI-X, were the owners of the Volvo tractor trailer that was being operated on January 22, 2025 by defendant, Mahamadali Zubaydulaev and/or John Does I-V, and/or were the employers of Mahamadali Zubaydulaev and/or John Does I-V, who was/were operating the vehicle as an employee, agent, servant or workman for John Doe Companies VI-X, and who are directly liable and/or vicariously liable for the acts and/or omissions of their employees, agents, servants or workman.

## JURISDICTION AND VENUE

6. Plaintiff incorporates paragraphs 1-5 as though fully set forth at length herein.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy as to the Plaintiff exceeds $75,000, exclusive of interest and costs, and because complete diversity exists between the Plaintiff and Defendant, Mahamadali Zubaydulaev and defendant(s) North Star Leasing/Oxiana LLC. The residency of John Does I-V and John Doe Companies VI-X are unknown, and will not be known unless or until such defendants are specifically identified.

8. This Court has personal jurisdiction over the Defendants because the accident that is the subject matter of this Complaint occurred within the jurisdiction of this Court.

9. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C § 1402(b), in that the conduct complained of occurred in the Eastern District of Pennsylvania.

## BACKGROUND

10. Plaintiff incorporates paragraphs 1-9 as though fully set forth at length herein.

11. On or about January 22, 2025, Albert Renaud was operating his vehicle Rt. 1 southbound in Bucks County Pennsylvania.

12. At the same time, Defendant, Mahamadali Zubaydulaev and/or John Does I-V was/were driving his vehicle southbound on Route 1 in Middleton Township, Bucks County, Pennsylvania.

13. While Defendant Mahamadali Zubaydulaev and/or John Does I-V was/were driving directly adjacent to Mr. Renaud, a car slowed down in front of him.  In order to avoid hitting the car in front of him, Mr. Zubaydulaev and/or John Does I-V pulled his/their vehicle to the left and struck Mr. Renaud's vehicle.

14. At all times material hereto, Mr. Renaud maintained his position in the left travel lane and did not change lanes, when the truck operated by Defendant Zubaydulaev and/or John Does I-V attempted to change lanes and crushed plaintiff's vehicle.

15. As a result of the collision, Mr. Renaud suffered injuries and damages which are more fully set forth below.

16. Defendants, North Star Leasing/Oxiana LLC., John Does I-V and/or John Doe Companies VI-X, as the employer of defendant, Zubaydulaev and/or John Does I-V, is/are vicariously liable for the acts and/or omissions of their agent, servant, employee or workman, and are liable over to plaintiff for the injuries he sustained.

## COUNT ONE-NEGLIGENCE

17. Plaintiff incorporate paragraphs 1-16 as though fully set forth at length herein.

18. Defendants owed a duty to plaintiff to operate their vehicle with a standard of care that a reasonable person would exercise under the circumstances.

19. As a result of Defendants' carelessness and negligence, they breached their duty of care to the Plaintiff in the following ways:

    (a) failure to have the Defendants' vehicle under proper and adequate control under the circumstances;

    (b) failure to make proper observation of the vehicle in the next lane;

    (c) failure to have due regard for the point and position of Mr. Renaud's vehicle;

    (d) failure to change lanes in a safe matter so as to not be able to avoid a collision with Mr. Renaud's vehicle;

(e) otherwise failing to exercise due care under the circumstances;

(f) such other acts of carelessness and negligence that will appear in the course of discovery to be conducted pursuant to the Federal Rules of Civil Procedure and at trial.

20. As a result of the Defendants' carelessness and negligence, Mr. Renaud sustained injuries to his head, neck, shoulder, back, and about his body and extremities which are serious, severe, and permanent and has suffered mental anguish.

21. As a result of the Defendants' negligence and carelessness, Mr. Renaud has been, and may continue to be, prevented from attending to his usual activities, duties, and occupations and has incurred and may continue to incur various future medical expenses, including physical therapy and surgery on his back, in an effort to cure Mr. Renaud of the aforementioned injuries.

22. As a result of Defendants' negligence and carelessness, Plaintiff has incurred out-of-pocket medical bills, co-pays, and deductibles due to the injuries sustained and medical treatment required. Plaintiff may exhaust his benefits and be subject to a lien for his medical bills.

23. As a result of the Defendants' negligence and carelessness, Mr. Renaud has experienced constant symptoms affecting his ability to participate in his activities of daily living.

24. As Mr. Renaud was not a resident of Pennsylvania and his vehicle was not insured in Pennsylvania, he is not subject to the Pennsylvania Motor Vehicle Financial Responsibility Law, and, more specifically is not subject to 75 Pa.C.S. § § 1720 and 1722, and his medical bills are all recoverable.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of $150,000, together with interest and costs of suit.

## COUNT II- RESPONDEAT SUPERIOR

25. Plaintiff incorporates paragraphs 1-24 as though fully set forth at length herein.

26. At all times material hereto, Defendant Zubaydulaev was an agent, servant, employee, and/or workman of North Star Leasing/Oxiana, LLC., John Does I-V and/or John Doe Companies VI-X.

27. As the employer and/or master of Defendant Zubaydulaev, North Star Leasing/Oxiana, LLC., John Does I-V and/or John Doe Companies VI-X is/are legally responsible for the acts and/or omissions of its agent, servant, employee, and/or workman Defendant Zubaydulaev, who was acting within the course and scope of his employment and/or agency and in furtherance of Defendant North Star Leasing/Oxiana, LLC., John Does I-V and/or John Doe Companies VI-X's business activities.

28. Defendants, North Star Leasing/Oxiana, LLC., John Does I-V and/or John Doe Companies VI-X is/are directly and/or vicariously liable for the acts, omissions and negligence of Defendant Zubaydulaev.

29. Defendants, North Star Leasing/Oxiana, LLC., John Does I-V and/or John Doe Companies VI-X are liable to Plaintiff for the negligent acts of Defendant Zubaydulaev, more fully set forth above, by way of respondent superior.

30. Defendants, North Star Leasing/Oxiana, LLC., John Does I-V and/or John Doe

Companies VI-X may also be liable for negligent hiring, negligent entrustment, negligent

retention, and/or negligent supervision of its agent, servant, employee, and/or workman,

Defendant Zubaydulaev.

31. As Mr. Renaud was not a resident of Pennsylvania and his vehicle was not insured in

Pennsylvania, she is not subject to the Pennsylvania Motor Vehicle Financial Responsibility

Law, and, more specifically is not subject to 75 Pa.C.S. § § 1720 and 1722, and his medical

bills are all recoverable.


    **WHEREFORE,** Plaintiff demands judgment against the Defendants for

compensatory damages in an amount in excess of $150,000, together with interest and costs

of suit.

.


                              Respectfully submitted,

                              **COHEN & RIECHELSON**
                              *Kevin Riechelson*

        BY:    _____
                              Kevin Riechelson, Esquire
                              I.D. #58960
                              3500 Quakerbridge Road
                              Suite 203
                              Hamilton, NJ 08619
                              Attorney for Plaintiff
                              kriechelson@crlawoffices.com